UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENT ARTHUR WILSON,

              Plaintiff,

    v.

LAUREN ERICKSON, et al.,

              Defendants.

CASE NO. 3:24-CV-5069-DGE

ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING AMENDED COMPLAINT BE FILED

      The District Court has referred Plaintiff Brent Arthur Wilson's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On January 24, 2024, Plaintiff initiated this action and, on February 8, 2024, Plaintiff filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 4; 4-1.

      **Standard for Granting Application for IFP.**  The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C.

§1915(a). However, the court has broad discretion in denying an application to proceed IFP.

*Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.**  Plaintiff has altered the Application to Proceed IFP and it is not clear that he is providing information related to his financial ability to pay the Court's filing fee. The Court notes that Plaintiff states he has no income, no cash on hand, no money in his bank accounts, and no assets. Dkt. 4.

**Review of the Complaint.**  Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, Plaintiff appears to seek to "discharge all debt for the credit sale/writ of restitution procureded (sic) by Securities Agents of Clallam County." *See* Dkt. 4-1.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).**  Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT BE FILED
- 2

frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiffs' Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). It is unclear under what federal statute Plaintiff brings the proposed complaint. *See* Dkt. 4-1. It is also unclear if this Court has jurisdiction over the action or what relief Plaintiff is in fact seeking. It appears Plaintiff is complaining of actions taken regarding real property in Clallam County, Washington. However, Plaintiff has not stated any claims against the named defendants and it is unclear how any named defendants would be liable in this action.

In sum, Plaintiff has not alleged facts sufficient to show he is entitled to relief in this case. Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show what happened, when it happened, who was involved, and how those acts violated his rights or federal law. As such, Plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). At this time, because the proposed complaint lacks clarity, the Court finds Plaintiff should be afforded an opportunity to amend his proposed complaint to try to state a claim.

**Decision on Application to Proceed IFP**.  A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT BE FILED
- 3

*Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 4) to March 29, 2024.

**Conclusion.**  For the above stated reasons, it is hereby **ORDERED** that:

- Plaintiff's application to proceed IFP (Dkt. 4) is **RENOTED** to **MARCH 29, 2024;** and

- Plaintiff's proposed amended complaint, if any, **IS DUE** on or before **MARCH 29, 2024**. If Plaintiff fails to adequately respond to this Order and file an amended complaint by March 29, 2024, the Court will recommend Plaintiff's Application to Proceed IFP be denied and this case be dismissed.

Dated this 1st day of March, 2024

David W. Christel
United States Magistrate Judge

ORDER RENOTING APPLICATION TO
PROCEED IN FORMA PAUPERIS AND
DIRECTING AMENDED COMPLAINT BE FILED
- 4