UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENT ARTHUR WILSON,

                Plaintiff,

   v.

LAUREN ERICKSON, et al.,

                Defendants.

CASE NO. 3:24-CV-5069-DGE

REPORT AND RECOMMENDATION

Noting Date: May 15, 2024

      The District Court has referred Plaintiff Brent Arthur Wilson's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On January 24, 2024, Plaintiff initiated this action and, on February 8, 2024, Plaintiff filed a proposed complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 4; 4-1. On March 1, 2024, the Court screened Plaintiff's proposed complaint and found it was deficient. Dkt. 5. The Court notified Plaintiff of the deficiencies and directed Plaintiff to file an amended complaint. *Id*. After granting an extension of time, Plaintiff's proposed amended complaint was due on or before May 15, 2024. *See* Dkts. 6, 7. On April 26,

REPORT AND RECOMMENDATION - 1

2024, Plaintiff filed a response to the Court's Order directing Plaintiff to file a proposed amended complaint. Dkt. 8.

After review of Plaintiff's Response, the Court finds Plaintiff has not cured the deficiencies of his proposed complaint and has not sufficiently responded to the Court's Order. Accordingly, the Court recommends the proposed complaint be dismissed for failure to state a claim, the Application to Proceed IFP be denied as moot, and this case be closed.

**Review of the Complaint.** Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In the proposed complaint, Plaintiff appears to seek to "discharge all debt for the credit sale/writ of restitution procureded (sic) by Securities Agents of Clallam County." *See* Dkt. 4-1.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is

REPORT AND RECOMMENDATION - 2

frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiffs' Claims**. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). It is unclear under what federal statute Plaintiff brings the proposed complaint. *See* Dkt. 4-1. It is also unclear if this Court has jurisdiction over the action or what relief Plaintiff is in fact seeking. It appears Plaintiff is complaining of actions taken regarding real property in Clallam County, Washington. However, Plaintiff has not stated any claims against the named defendants and it is unclear how any named defendants would be liable in this action.

In sum, Plaintiff has not alleged facts sufficient to show he is entitled to relief in this case. Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show what happened, when it happened, who was involved, and how those acts violated his rights or federal law. As such, Plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief. For these reasons, the Court granted Plaintiff leave to file a proposed amended complaint. Dkt. 5.

On April 26, 2024, Plaintiff filed what appears to be a response to the Court's Order. Dkt. 8. He has not filed a proposed amended complaint and his Response fails to adequately address any of the deficiencies of his proposed complaint. *Id*. Moreover, Plaintiff now appears to be directing the Court to obtain the Court filing fee from the Internal Revenue Service. *Id*. As Plaintiff has not corrected the deficiencies of his proposed complaint, the Court recommends this matter be dismissed for failure to state a claim. The Court also finds any request for the Court to obtain a filing fee for Plaintiff should be denied.

**Conclusion.** As Plaintiff as failed to state a claim upon which relief can be granted, the Court recommends this case be dismissed. The Court previously granted Plaintiff leave to amend; therefore, the Court finds further leave to amend should not be granted and Plaintiff's Application to Procced IFP should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 15, 2024, as noted in the caption.

Dated this 30th day of April, 2024.

                                                  David W. Christel
                                                United States Magistrate Judge